1
2
3
4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF GEORGIA**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 21 2022

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

CATHERINE SMITH, AN INDIVIDUAL; )
DWIGHT SMITH, AN INDIVIDUAL. )
BRYANT SMITH, AN INDIVIDUAL. )
)
                    PLAINTIFFS, )
VS. )
)
FULTON COUNTY, A COUNTY IN THE STATE )
OF GEORGIA )
)
SUPERIOR COURT OF FULTON COUNTY, )
FAMILY DIVISION )
)
MAGISTRATE COURT OF FULTON COUNTY )
)
COBB COUNTY, A COUNTY IN THE STATE OF )
GEORGIA )

MAGISTRATE COURT OF COBB COUNTY

JASLOVELIN LALL,
ALEXANDRA MANNING,
SCOTT KAYE,
TODD ASHLEY,
JANNE MCKAMEY
JUDGE ASHLEY OSBY

                    DEFENDANT(S).
_____

CASE NO.:

JURY TRIAL DEMAND

1:22-CV-2471

5
6
7                              **COMPLAINT**

8          COME NOW the Plaintiffs and for their complaint against Judge Jaslovelin Lall,

9    Judge Alexandra Manning, Judge Scott Kaye, Judge Todd Ashley, Judge Janne McKamey and

10   Judge Ashley Osby for their willful misconduct in office and deprivation or rights set forth below.

11

12

13 **JURISDICTION**

14       The district court has jurisdiction of the case pursuant to 42 U.S.C. § 1983 of the Civil

15 Rights Act of 1871, 18 U.S.C. § 242, and 42 U.S.C. § 14141. The district court's federal question

16 jurisdiction is based on the violation of Plaintiff's Fourth, and Fourteenth Amendments to the

17 United States Constitution. The district court has supplemental Plaintiffs' state law claims pursuant

18 to 28 U.S.C. § 1367. The amount of the controversy To Be Determined by Trial.

19 **PARTIES**
20
21       Plaintiff Catherine Smith is an individual who is a resident of City of Johns Creek-Duluth,

22 Fulton County, State of Georgia.

23       Plaintiff Dwight Smith is an individual who is a resident of City of Johns Creek-Duluth,

24 Fulton County, State of Georgia.

25       Plaintiff Bryant Smith is an individual who is a resident of City of Johns Creek-Duluth,

26 Fulton County, State of Georgia.

27       At all times relevant herein, Defendant Fulton County is a municipality in the State of

28 Georgia.

29       At all times relevant herein, Defendant Cobb County is a municipality in the State of

30 Georgia.

31       At all times plead herein, Fulton County was the governing agency governing for

32 Magistrate Court of Fulton County and was acting under the color of state law and in the course

33 and scope of its duties.

34       At all times plead herein, Fulton County was the governing agency governing for Superior

35 Court of Fulton County, Family Division and was acting under the color of state law and in the

36 course and scope of its duties.

37   At all times plead herein, Cobb County was the governing agency governing for Magistrate

38 Court of Cobb County and was acting under the color of state law and in the course and scope of

39 its duties.

40   At all times herein, JASLOVELIN LALL is a Judge in Fulton County, Georgia. At all

41 times pertinent to these charges, Judge Lall was subject to the Canons and Rules of the Code of

42 Judicial Conduct and the laws of the State of Georgia.

43   At all times herein, ALEXANDRA MANNING is a Judge in Fulton County, Georgia.  At

44 all times pertinent to these charges, Judge Manning was subject to the Canons and Rules of the

45 Code of Judicial Conduct and the laws of the State of Georgia.

46   At all times herein, SCOTT KAYE is a Judge in Fulton County, Georgia.  At all times

47 pertinent to these charges, Judge Kaye was subject to the Canons and Rules of the Code of Judicial

48 Conduct and the laws of the State of Georgia.

49   At all times herein, TODD ASHLEY is a Judge in Fulton County, Georgia.  At all

50 times pertinent to these charges, Judge Ashley was subject to the Canons and Rules of the Code

51 of Judicial Conduct and the laws of the State of Georgia.

52   At all times herein, ASHLEY OSBY is a Judge in Fulton County, Georgia.  At all

53 times pertinent to these charges, Judge Osby was subject to the Canons and Rules of the Code of

54 Judicial Conduct and the laws of the State of Georgia.

55   At all times herein, JANNE MCKAMEY is a Judge in Cobb County, Georgia.  At all times

56 pertinent to these charges, Judge McKamey was subject to the Canons and Rules of the Code of

57 Judicial Conduct and the laws of the State of Georgia.

58                                              **BACKGROUND**

59          Judge Jaslovelin Lall made legal arguments to obtain the restraining order before another

60   Fulton County Judge Alexandra Manning which is a Unfair Trial and Conflict of Interest in which

61   the restraining orders were used to convince America Homes 4 Rent to file for eviction, knowing

62   it would cause the eviction.  Judge Lall convinced multiple City of Johns Creek Police Officers to

63   open an investigation, and convinced Fulton County Marshal to mingle in a private matter. Judge

64   Lall made complaints directly with Melissa Smith, leasing manager of Plaintiffs' landlord,

65   America Home 4 Rent as "attorney for the neighbors and family members."   Judge Jaslovelin Lall

66   has been building an eviction case against the Plaintiffs using her title and authority as a Fulton

67   County Judge who wantonly and blatantly conspired, led and acted with bias, disregard for

68   Plaintiffs' civil liberties, and has caused Plaintiffs' extreme emotional and monetary damages.

69          Judge Jaslovelin Lall argued the restraining order for the neighbors and family members

70   based on  Fulton County Courts litigation tactics before Judge Alexandra Manning.

71          Defendant judges, and all of them, knew or should have known of the conflict of interest,

72   bias, ethical and official misconduct, and more as further explained herein.

73          At all times relevant herein, Plaintiffs attest with information and belief, legal help from

74   Jaslovelin Lall fueled her family to act along with neighbors and family members, resulting in over

75   29 court cases and over 30 police calls to the City of Johns Creek Police Department.

76          At All times relevant herein, Plaintiff Catherine Smith made over 30 police calls on

77   Jaslovelin family and Neighbors threats, harassment, stalking, surveillance, disturbances, violation

78   of peaceful living, and other things.

79          At All times relevant, there have been over 29 cases in Magistrate Court of Fulton County,

80   Superior Court of Fulton County, and Northern District of Georgia in which the Plaintiff Catherine

81   Smith have been involved.

82        At All times relevant, Repeated legal actions brought to Fulton County has only resulted

83   in one sided favorable result due to the influence of Jaslovelin Lall direct or indirect.

84        Repeated interference, tampering with evidence, and influence on other Judges indirect or

85   directed have led to Plaintiff Catherine Smith denial of rights.

86        Any action brought forward in Fulton County State Court has resulted in instant bias,

87   prejudice against the Plaintiff Catherine Smith.

88        Plaintiffs have suffered humiliation and frustration over Fulton County Court biased and

89   lack of due process.

90        The absence of Due process, bias, conspiracy, and fraudulent scheme is shocking,

91   disparaging, despicable and disgraceful.  No ordinary individual should endure this type of Justice.

92
93        **Relevant Cases:**
94        **Warrant Cases:**
95        1.Catherine Smith vs. Judge Jaslovelin Lall – Case # 21MAGC-02697, 2. Catherine Smith
96             vs. Mandeep Rajhans– Case # 21MAGC-02673
97        3.Delvin Rajhans vs. Catherine Smith– Case # 21MAGC-02740
98        4.Mandeep Rajhans vs. Catherine Smith– Case # 21MAGC-02737
99        5.Bradley Paul vs. Catherine Smith– Case # 21MAGC-02738
100      6.Candi Paul vs. Catherine Smith– Case # 21MAGC-02739
101      Restraining Order Cases Dismissed by Judge Scott Kaye (works with Judge Jaslovelin Lall
102      **Fulton County Superior Court**
103      7.Catherine Smith vs. Judge Jaslovelin Case # 2021CV351070
104      8.Catherine Smith vs. Rohan Lall Case # 2021CV351073
105      9.Catherine Smith vs. Bianca Lall Case # 2021CV351068
106      10.Catherine Smith vs. Sanjay Lall Case # 2021CV351069
107      11.Catherine Smith vs. Mandeep Rajhans Case # 2021CV351080
108      12.Catherine Smith vs. Delvin Rajhans Case # 2021CV351067
109      13.Catherine Smith vs. Sukhmeet Rajhans Case # 2021CV351074
110      Cases – 01/28/2021- Restraining order cases ruled on by Judge Alexandra Manning (Who
111           works with Judge Jaslovelin Lall in Fulton County Superior Courts)
112      15.Candi Paul vs. Catherine Smith – Case #2021CV344598
113      16.Bradley Paul vs. Catherine Smith - Case #2021CV344599
114      17.Mandeep Rajhans vs. Catherine Smith – Case #2021CV344179
115      18.Delvin Rajhans vs. Catherine Smith – Case #2021CV344180

**Other Open Cases**

19. State of Ga. Vs. Catherine Smith, Fulton County Animal Control Case #2016-EX-01108.
20. Catherine Smith vs. Judge Scott Kay, filed in Fulton County Magistrate Court Case# 21MS161324.
21. Catherine Smith vs. Judge Alexandra Manning, filed in Fulton County Magistrate Court Case# 22MS161407
22. Catherine Smith vs. Judge Janne Mackemy, filed in Cobb County Magistrate Court Case# 21-J-11058
23. America Homes for Rent vs. Catherine Smith, Dwight Smith, Bryant Smith, Eviction Case # 21ED180660, removed to Federal Court Case Number:
24. Dwight Smith, Catherine Smith, Bryant Smith vs. American Homes for Rent Case Number, Northern District of Georgia Atlanta Division
25. Delvin Rajhans vs. Catherine Smith, filed in Fulton County Magistrate
26. Mandeep Rajhans vs. Catherin Smith, filed in Fulton County Magistrate
27. Smith et al vs. AMH 2014-1 Borrower, LLC et al vs : Case Number 1:22-CV-0805-SEG-JSA
28. AMH 2014-1 Borrower, LLC ISAOA vs. Smith et al - Case Number 1:22-cv-00536
29. Smith et al v. City of Johns Creek Police Department et al

## FACTS

### January 2021

1.   In January 2021, Judge Jaslovelin Lall argued a restraining order before another Fulton County Judge Alexandra Manning, on behalf of her family members, Delvin Rajhans and Mandeep Rajhans and close friend Candi Paul and Bradley Paul.  Judge Manning knew or should have known of this conflict of interest and violation of judicial ethics, Georgia Professional Conduct, Georgia and Federal Law identified herein.

2.   This Restraining Order has since been used to harass the Petitioners with false accusations of breaking said Restraining Order.  As a matter of fact, the restraining order was delivered to Plaintiffs' landlords.

3.   In an email dated March 9, 2021 - Gabrielle Epsy, O'kelley & Sorohan, stated, "As seen attached, a Fulton County Superior Court judge entered protective orders and found that a

149    tenant in 480 Leasingham Way "knowingly and willfully violated O.C.GA. § 16-5-90 *et seq."* As

150    a matter of fact, Plaintiff Catherine Smith has only to drive into her driveway and heads toward

151    her house, when she is immediately and despicably harassed by her neighbors. Moreover, it is the

152    neighbors who have set up surveillance on the Plaintiffs and their home. At all times herein it was,

153    in fact, others who knowingly and willfully violated O.C.GA. § 16-5-90 et seq. at all times herein

154    instigating all conflicts against the Plaintiffs.

155        4.   Plaintiffs have suffered extreme and severe emotional distress and pain as a result of

156    the Defendant Judges' conduct.

157                                  **April 2021**

158        5.   April 20, 2021, Judge Jaslovelin Lall called City of Johns Creek Police Department to

159    state Plaintiffs had violated the restraining order by citing her position and authority as attorney

160    and judge to convince City of Johns Creek Police Officer Bradley Rosenquist to open an

161    investigation. A Formal Investigation was done by Detective Caldwell, City of Johns Creek Police

162    Department.

163        6.   Judge Jaslovelin Lall also stated to Police Officer Bradley Rosenquist that she called

164    the Fulton County Marshals on a private matter involving Plaintiff Catherine Smith, filed

165    complaints with America Homes 4 Rent, and was now vigorously pursuing false misdemeanor

166    violation on a private citizen.

167    **APRIL 20, 2021:**

168    **JUDGE & ATTORNEY JASLOVELIN LALL CALLS CITY OF JOHNS CREEK**
169    **POLICE DEPARTMENT TO ALLEDGE CATHERINE SMITH VIOLATED THE**
170    **RESTRAINING ORDER**

171    Conversation in Part from Body Cam Records City of Johns Creek Police

172  Department 4/20/2021 wherein Police Officer Bradley Rosenquist responded around 4 pm:
173
174       **JUDGE JASLOVELIN LALL:** "I called I'm Jaslovelin. I'm sister, and attorney. I was
175       the one who obtained the TPO for that family and this family against Catherine Smith"
176
177       **POLICE OFFICER BRADLEY ROSENQUIST**: "I'm just saying the house is not 20
178       yards." [The properties of Plaintiff and MONDEEP Rajhans are adjacent properties]
179       "…..We can definitely look into this TPO to see where 20 yards is in the play with this"
180
181       **POLICE OFFICER BRADLEY ROSENQUIST** "I mean petitioner and or petitioners
182       immediate family place of employment or school 20 yards, within 200 yards of the
183       petitioner will at the residence. "So, I mean, I just don't see how, how that even just the gap
184       alone, if the person comes out and drives …..here, they're violating you know, we are not
185       in the residence at that point."
186
187       **JUDGE JASLOVELIN LALL:** "But the thing is within the confines of the properties we
188       never objected. But this time she stood; she just parked the car right in front of us watching
189       us. That's the part that made me call you. "
190
191       **JUDGE JASLOVELIN LALL:** "I was the one who made the argument before the judge."
192
193       "I'm a judge with Fulton County."
194
195       "I do these warrants in these cases all the time. We have issued warrants on even less
196       circumstances." ….. this is at the most a misdemeanor violation of a TPO…"."
197
198       **JUDGE JASLOVELIN LALL:** "So my concern is that every report that we've seen on
199       God's Creek indicates that she's mentally unbalanced."
200
201       **JUDGE JASLOVELIN LALL:** "…But the point was, the TPOs began when my mom
202       a senior citizen was leaving for work and her husband, and she ambushed my mom right
203       in front of her here on video.  And that's when I took it to Superior Court and got the
204       TPOs….. I helped them get a TPO as well."
205
206       " I reported all this to her landlord [America Homes 4 Rent]….. and now they have an
207       eviction case pending against them. **"Okay, so we were hoping that they would leave
208       the property once the landlord gave the notice to leave, but they're fighting it that
209       too."**
210
211
212       **JUDGE JASLOVELIN LALL:**  "Now, they filed an answer and everything
213
214       **JUDGE JASLOVELIN LALL** "Now they have six cases in the Fulton County Court in
215       just this year alone"
216
217       **JUDGE JASLOVELIN LALL** "This has been going on since last June…

218
219    **JUDGE JASLOVELIN LALL:** "But this is a misdemeanor violation where she knows,
220    we are standing here talking on our own property that she purposely parked her car
221    within ....20 yard."  "This is my video if you want to see it. It's not that long"
222
223    **POLICE OFFICER BRADLEY ROSENQUIST: "**I'll just let you save it and give it to
224    the detective.. we'll write it up. And when we write up the report, the report will go over
225    to an investigatory unit, that unit will then either a contact you guys...." "They'll do a follow
226    up based off what we write in the report in the narrative, and you guys can give your sides
227    like verbally to them. And then they can reach out make contact with her as well. What
228    exactly was going on?"
229
230         7.   Judge Jaslovelin Lall used her title and authority as Judge and Attorney to build an

231    eviction case against the Plaintiffs through a sequence of actions and fully engaged in a conflict of

232    interest and in violation of the Georgia and Federal Statutes listed in this cause of action.

233    Furthermore.

234    **May 2021**

235         8.   About 10 days later, May 10, 2021, Plaintiff Dwight Smith, met with Detective Derrick

236    Caldwell, to review the incident, wherein Detective Caldwell was shown a video Plaintiff Dwight

237    Smith captured showing Judge Jaslovelin Lall aggressively approaching the Plaintiffs.  Detective

238    Derrick Caldwell "here's my issue "The problem that I have is and it's really not my decision to

239    make, what will happen is I will write up my findings and **present it to Fulton County Magistrate**

240    **Judge**, the judge review it neither say yes, she violated this temporary protective order." Or no she

241    didn't...."

242         9.   Detective Derrick Caldwell confirmed the Magistrate Judge did not see find any

243    violations of the temporary protective order.

244         10. Due to the ongoing corruption and willful interference of Judge Lall, the Plaintiffs

245    knew they would not get any relief or justice from this continual harassment.

246     11. Plaintiffs have suffered extreme and severe emotional distress and pain as a result of

247     Defendant Judge's conduct.

248     **June 2021**
249     **Criminal Warrants Filed Against Judge Jaslovelin Lall and Mandeep Rajhans, her sister**
250
251     12. Seeking relief from the harassment and stalking, Petitioner Catherine Smith filed a

252     criminal warrant against Judge Jaslovelin Lall.  Two days later, Judge Lall's family members

253     Delvin Rajhans and Mandeep Rajhans and close friends (neighbors) Bradley Paul and Candi Paul

254     filed criminal warrants against Plaintiff Catherine Smith.

255     13. Plaintiffs have suffered extreme and severe emotional distress and pain as a result of

256     Defendant Judges' conduct.

257     **July 2021**
258     **Restraining Order Case Filed against Judge Jaslovelin Lall and 7 Family Members**
259
260     14. Defendant Judge Scott Kaye denies Plaintiff Catherine Smith's restraining order

261     against Judge Jaslovelin Lall and 7 her family members.  The Restraining Order was Heard and

262     Denied [Jaslovelin Lall, Sanjay Lall (Judge Lall's Husband), Bianca Lall (Judge Lall's Daughter),

263     Rohan Lall (Judge Lall's Son), Mandeep Rajhans (Judge Lall's Sister), Delvin Rajhans (Judge

264     Lall's brother-in-law), Sukhmeet Rajhans (Judge Lall's Mother).  Judge Kaye knew or should have

265     known of this conflict of interest and violation of judicial ethics, Georgia Professional Conduct,

266     Georgia and Federal Law identified herein.

267     15. Plaintiffs have suffered extreme and severe emotional distress and pain as a result of

268     Defendant Judges' conduct.

269     **November 2021**
270     **Warrant Hearing Against Judge Jaslovelin Lall**

271
272          16. Plaintiff Catherine Smith informed Judge Janne Mckamey she did not receive any
273    correspondence from the court until about 9 days prior to the hearing.  Judge Mckamey alleged
274    there was plenty of time since the cases were filed.  There was a total of 5 cases in which 2 of the
275    cases were filed by Plaintiff Catherine Smith on June 22, 2021.  The other 3 cases were unknown
276    to the Plaintiff Catherine Smith because they were filed by others who Judge Jaslovelin Lall argued
277    for during the restraining order hearing on January 28, 2021, which was deemed to be a conflict
278    of interest with Fulton County Superior Family Courts.

279          17. Plaintiff Catherine Smith asked for more time to secure an attorney.  Judge McKamey
280    forcibly proceeded with the hearings and denied her Request.  Judge McKamey knew or should
281    have known of this unfair trial, conflict of interest and violation of judicial ethics, Georgia
282    Professional Conduct, Georgia and Federal Law identified herein.

283          18. Plaintiffs have suffered extreme and severe emotional distress and pain as a result of
284    Defendant Judges' conduct.

285
286    **December 2021**
287    **Catherine Smith filed Cases Against Judge Scott Kaye and Judge Alexandra Manning**
288
289          19. Catherine Smith filed cases against Judge Scott Kaye and Judge Alexandra Manning
290    for failing to recuse themselves and denying her a fair trial.  The cases are pending in Magistrate
291    Court of Fulton County.

292          20. Plaintiffs have suffered extreme and severe emotional distress and pain as a result of
293    Defendant Judges' conduct.

294    **January 4, 2022,**
295    **Compliance Restraining Order Hearing with Mandeep Rajhans and Delvin Rajhans Judge**
296    **Jaslovelin Lall Family Members**

297
298        28.  Judge Ashley Osby filled in for Judge Scott Kaye, she stated he recused himself from

299    the hearing due to a pending case against him, *Catherine Smith vs. Judge Scott Kaye* in the

300    Magistrate Court of Fulton County.

301        29.  Judge Osby stated she spoke with Judge Scott Kaye and conducted the hearing despite

302    the case being filed against Superior Court of Fulton County and Judge Scott Kaye.  An obvious

303    ethic violation.  Judge Osby knew or should have known of this unfair trial, conflict of interest and

304    violation of judicial ethics, Georgia Professional Conduct, Georgia and Federal Law identified

305    herein.

306        30.  Due to conflicting times issued by the court, Catherine Smith missed the restraining

307    order hearing at 9 AM, but was able to speak with Judge Osby briefly around 10:30 am, in which

308    she stated she would rule without hearing Catherine Smith's side.

309        31.  Judge Osby issued a more restrictive order in which alleged the restraining order was

310    broken, issued a psychiatric evaluation, and other restrictive measures.  Judge Osby, knew about

311    the pending eviction case.

312        32.  Plaintiff Catherine Smith, upon information and belief, alleges the charges issued by

313    Judge Osby would damage the Plaintiff Catherine Smith during the eviction hearing scheduled for

314    Feb. 22, 2022. Plaintiff Catherine Smith, upon information and belief, allege Judge Osby was

315    prejudicial and biased, who then retaliated against Plaintiff Catherine Smith after she reviewed the

316    cases filed against Judge Scott Kaye and Alexandra Manning.  She reviewed them while on the

317    Zoom Call with the Plaintiff Catherine Smith.

318     33.  Plaintiffs have suffered extreme and severe emotional distress and pain as a result of

319     Defendant Judge's conduct.

320     **February 22, 2022 – Fulton County Magistrate Court Eviction Hearing**

321     34.  The day before the restraining order hearing, Judge Jaslovelin Lall met openly with

322     her family members and friends in front of the Plaintiffs' home.  The following day, the family

323     members Mandeep Rajhans, Bianca Lall and a neighbor Bradley Paul appeared at the hearing via

324     Zoom to testify.  Judge Jaslovelin Lall's family members and close friends showed up to influence

325     the Eviction hearing to testify against the Plaintiff Catherine Smith and her family.

326     35.  In February, out of fear of bias and fraud in Fulton County Courts. Plaintiff Catherine

327     Smith filed a Notice of Removal for the eviction hearing, to remove the pending Eviction Case to

328     the Northern District of Georgia (Federal Court).

329     36.  The presiding Judge ordered the transfer of the case.

330     **February 22 through February 25, 2022 – Catherine Smith files Motion to Move**
331     **Restraining Order to Another Jurisdiction**
332
333     37.  Multiple Emails were sent to the Superior Court of Fulton County addressed to Angela

334     Taylor, Nayeli Delibrado and Sasha Brown regarding unethical behavior, conflict of interest,

335     fraudulent schemes along with evidence against Judge Jaslovelin Lall and Fulton County court

336     Judges listed herein.

337     38.  Plaintiffs have, and presented evidence, including multiple police body cams which

338     showed wide evidence of tampering and trying to influence the City of Johns Creek Police

339     Department and Fulton County Courts by Judge Lall.

340   39.  A docketed court Motion to Transfer the cases the restraining order cases of Judge

341   Jaslovelin Lall family members from the Superior Court of Fulton County to another Jurisdiction.

342   The following were notified and copied on the email Angela Taylor, Nayeli Delibrado, and Sasha

343   Brown.

344   40.  Plaintiffs have suffered extreme and severe emotional distress and pain as a result of

345   Defendant Judges' conduct.

346   **March 1, 2022, Compliance Hearing Restraining Order Hearing**

347   41.  A restraining order compliance hearing was scheduled by Judge Ashley Osby.  The

348   restraining order hearing was secured and required a password.

349   42.  Judge Jaslovelin Lall was not a party to the restraining order but appeared by zoom

350   and compromised the security of the hearing.

351   43.  Catherine Smith asked Judge Ashley Osby as to why Judge Jaslovelin Lall was at the

352   hearing.  Judge Ashley Osby falsely stated the restraining order hearing was public and anyone

353   could access the hearing.  The hearing was not public.  A password was required.

354   44.  There was an obvious breach of **Confidential Medical Information**, via no security

355   measures to protect the Plaintiff Catherine Smith from abuse and Judge Ashley Osby covered for

356   Judge Jaslovelin Lall fraudulent actions.

357   45.  Judge Ashly Osby willfully participated in the harassment.

358   46.  Plaintiff Catherine Smith further asked Judge Ashley Osby what evidence she used to

359    rule on the case on January 4, 2022, to require Psychiatric Evaluation and state the restraining

360    order had been broken. **Judge Osby stated she ruled on the hearing based on verbal testimony**

361    **alone and no evidence was presented**.

362       47. At the conclusion of the restraining order hearing. Judge Osby stated she would issue

363    the order to remove the compliance restriction of psychiatric evaluation and issue an order for

364    attachment for the motion to move the restraining order to another jurisdiction.

365       48. Following the restraining order hearing, Judge Osby failed to issue any order regarding

366    moving the restraining order to another Jurisdiction in an attempt to conceal and deny her the rights

367    to move the restraining order to another jurisdiction in favor of Judge Lall's wishes.

368    **Due process was denied by Judge Osby failure to process the Motion to Move the**
369    **Restraining Order to another Jurisdiction. Court Clerk Sasha Brown witnessed the**
370    **harassment and abuse**
371
372       49. Plaintiffs have suffered extreme and severe emotional distress and pain as a result of

373    Defendant Judge's conduct.

374    **March 4, 2022**

375       50. Plaintiff Catherine Smith was served with a lawsuit from Judge Jaslovelin Lall's

376    family members, filed in the Magistrate Court of Fulton County. The lawsuit was filed December

377    26, 2021.

378       51. Following the breach of security where Judge Jaslovelin Lall signed into the hearing,

379    just two days later, the lawsuit was served on the Plaintiff Catherine Smith.

380       52. Plaintiff Catherine Smith immediately feared bias due to the past actions. Bias took

381   place again.

382       53.  Plaintiffs have suffered extreme and severe emotional distress and pain as a result of
383   Defendant Judge's conduct.

384   **May 1, 2022**

385       54.  Plaintiff Catherine Smith filed an answer within the statutory time period.  The entry
386   was docketed.  Plaintiff Catherine Smith went to the court in person to pay the court costs or any
387   other cost associated with filing a counter claim within 45 days.  The clerk Zadrian Miley told
388   Plaintiff Dwight Smith that the presiding Judge would decide on the fees at trial.  The balance
389   showing owed was zero.

390       55.  Plaintiff Catherine Smith accepted the clerk's answer was true and correct.

391       56.  A few days later, Judge Jaslovelin Lall family members filed a motion for default.

392       57.  The presiding Judge Todd Ashley struck the answer and counterclaim of the Plaintiff
393   Catherine Smith and moved for default only in mediation.

394       58.  Plaintiffs made another trip to the court.  Plaintiff Dwight Smith talked to Clerk
395   Zadrian Miley and Tiara Copper, his supervisor.  Clerk Zadrian Miley and Tiara Copper were
396   surprised by the strike of the answer and counterclaim.

397       59.  Plaintiff Catherine Smith feared bias based on past experiences.  Based on their
398   response and information and belief, tampering took place.

399       60.  Judge Todd Ashley had constructive or actual knowledge there were two pending cases

400  in the Magistrate Court of Fulton County: Catherine Smith vs. Judge Scott Kaye and Catherine
401  Smith vs. Judge Alexandra Manning

402      61. Furthermore, The law is vague, the law does not state court costs. The law simply
403  states costs.

404      62. When the law is vague, the Judge should have given the benefit of the doubt to the
405  Plaintiff Catherine Smith or at least hold the hearing then render judgment.

406      63. Plaintiffs fear further retaliation from Magistrate Court of Fulton County.

407      64. Plaintiffs, and each of them, have suffered extreme and severe emotional distress and
408  pain as a result of Defendant Judge's conduct.

409                              **CONCLUSION**

410      I.     Defendant Judges, and each of them knew, or should have known of the unfair trial,
411  conflict of interest and violation of judicial ethics, Georgia Professional Conduct, Georgia and
412  Federal Laws identified herein.

413      Violations of the Georgia Code of Judicial Conduct support discipline when they amount
414  to "willful misconduct in office," "willful and persistent failure to perform the duties of office," or
415  "conduct prejudicial to the administration of justice which brings the judicial office into disrepute."
416  Ga. Const. of 1983, Art. VI, Sec. VII, Par. VII (a); JQC Rule 6 (A) (1) and (5). The Defendant
417  Judges, and all of them, have displayed conduct as alleged above of willful misconduct in office,
418  a willful and persistent failure to perform the duties of office, and is prejudicial to the
419  administration of justice, and have violated civil rights and liberties of the Plaintiffs and the

420   Georgia Constitution and its Statutes.

421        As a result of Defendants' conduct, and each of them, Plaintiffs are entitled to recover

422   against the individual Defendants, pursuant to, but limited to, (1) Ga. Code § 51-1-6 (2020)

423   Recovery of damages upon breach of legal duty, (2) Ga. Code § §16-10-24(a) when they

424   knowingly or willfully obstruct or hinder any law enforcement officer in the lawful discharge of

425   his official duties. The penalty for a misdemeanor conviction in Georgia is a fine up to $1,000, jail

426   time up to one year, or both, (3) Ga. Code § 51-1-8 Right of action arising from breach of private

427   duty, (4) Ga. Code § 51-1-7 When infraction of public duty gives cause of action to individual. (5)

428   Ga. Code § 51-1-9. Recovery for torts to self, wife, child, ward, or servant, (6) Ga. Code § 51-1-

429   12, Liability for ratifying tort, and (7)  Title VII of the US Constitution 15 U.S. Code § 6604.

430        As a result of Defendants' conduct, and each of them, Plaintiffs are entitled to recover

431   punitive damages against the individual Defendants pursuant to GA Code § 51-12-5.1 (2020): As

432   used in this Code section, the term "punitive damages" … and other descriptions of additional

433   damages awarded because of aggravating circumstances in order to penalize, punish, or deter a

434   defendant.

435                      **DEFENDANTS' VIOLATIONS**

436                **CAUSE OF ACTION 1 – AGAINST ALL DEFENDANTS**
437                   **18 U.S.C. § 1503 Obstruction of Justice**
438
439        An act that "corruptly or by threats or force, or by any threatening letter or

440   communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede,

441   the due administration of justice."

442                **CAUSE OF ACTION 2 – AGAINST JASLOVELIN LALL**
443                   **O.C.G.A. §16-10-24(a) Obstruction of Justice**

444    When they knowingly or willfully obstruct or hinder any law enforcement officer in

445    the lawful discharge of his official duties. The penalty for a misdemeanor conviction in Georgia is

446    a fine up to $1,000, jail time up to one year, or both.

447    **CAUSE OF ACTION 3– AGAINST ALL DEFENDANTS**
448    **GA Code § 51-1-9. Recovery for torts to self, wife, child, ward, or servant.**
449
450    Every person may recover for torts committed to himself, his wife, his child, his ward, or

451    his servant.

452    **CAUSE OF ACTION 4– AGAINST ALL DEFENDANTS**
453    **GA Code § 51-1-12. Liability for ratifying tort.**
454
455    By ratification of a tort committed for his own benefit, the ratifier becomes as liable as if

456    he had commanded that it be committed. A person ratifying a tort does not become liable, however,

457    if the act was done for the benefit of a third person.

458
459    **CAUSE OF ACTION 5– AGAINST ALL DEFENDANTS**
460    **Section 242 of Title 18**
461
462    It is a crime for a person acting under color of any law to willfully deprive a person of a

463    right or privilege protected by the Constitution or laws of the United States.

464
465    Section 52, which is concerned with the action of public officers, is as follows:
466    "Whoever, under color of any law, statute, ordinance, regulation, or custom,
467    willfully subjects, or causes to be subjected, any inhabitant of any State, Territory,
468    or District to the deprivation of any rights, privileges, or immunities secured or
469    protected by the Constitution and laws of the United States, … by reason of his
470    color, or race, than are prescribed for the punishment of citizens, shall be fined not
471    more than $1,000, or imprisoned not more than one year, or both.'
472    • *United States v. Buntin*, 10 Fed. 730 (S. D. Ohio, 1882); See also
473    • *United States v. Stone,*' 188 Fed. 836 (D. Md. 1911). See also
474    • 15313 U. S. 299, 61 Sup. Ct. 1031 (1941). "The charge based on these
475    allegations, was that the appellees conspired with each other and with
476    others unknown, to injure and oppress citizens in the free exercise and
477    enjoyment of rights and privileges secured to them by the Constitution
478    and Laws of the United States." See *United States v. Saylor*, 322 U. S.

479           385, 64 Sup. Ct. 1101 (1944), upholding further use of Section 51 in
480           election cases. "Section 19 of the Criminal Code, which penalizes
481           conspiracy "to injure, oppress, threaten, or intimidate any citizen in the
482           free exercise or enjoyment of any right or privilege secured to him by
483           the Constitution or laws of the United States.

484        • *Screws v. United States*, 16256 U. S. 232, 41 Sup. Ct. 469 (1220). 17
485           Section 52 had been applied and upheld since 1939 in cases in the lower
486           federal courts.

487        • *United States v. Sutherland*, 37 F. Supp. 344 (1940); "The indictment
488           demurred to is in three counts, each alleging violation of the following
489           Federal statute: "Whoever, under color of any law, statute, ordinance,
490           regulation, or custom, willfully subjects, or causes to be subjected, any
491           inhabitant of any State, Territory, or District to the deprivation of any
492           rights, privileges, or 345*345 immunities secured or protected by the
493           Constitution and laws of the United States, or to different punishments,
494           pains, or penalties, on account of such inhabitant being an alien, or by
495           reason of his color, or race, than are prescribed for the punishment of
496           citizens, shall be fined not more than $1,000, or imprisoned not more
497           than one year, or both." 18 U.S.C.A. § 52"

498        • *Culp v. United States*, 131 F. (2d) 93 (1942); "The appellants and others
499           were indicted under § 88, 18 U.S.C.A.,[1] for having conspired to
500           commit an offense defined in § 52, 18 U.S.C.A."

501        • *Catlette v. United States*, 132 F. (2d) 902 (1943).

502

### CAUSE OF ACTION 6– AGAINST ALL DEFENDANTS
### Criminal Interference with Right to Fair Housing, 42 U.S.C. § 3631

506      This statute makes it a crime to use or threaten to use force to interfere with housing rights

507 because of the victim's race, color, religion, sex, disability, familial status, or national origin.

### CAUSE OF ACTION 7– AGAINST ALL DEFENDANTS
### Violent Interference with Federally Protected Rights, 18 U.S.C. § 245

511      This statute makes it a crime to use or threaten to use force to willfully interfere with a

512 person's participation in a federally protected activity because of race, color, religion, or national

513 origin. Federally protected activities include public education, employment, jury service, travel, or

514 the enjoyment of public accommodations. Under this statute, it is also a crime to use or threaten to

515 use force against those who are assisting and supporting others in participating in these federally

516 protected activities.

517
518          **CAUSE OF ACTION 8– AGAINST ALL DEFENDANTS**
519             **Conspiracy Against Rights, 18 U.S.C. § 241**
520
521          This statute makes it unlawful for two or more persons to conspire to injure, threaten, or

522   intimidate a person in any state, territory, or district in the free exercise or enjoyment of any right

523   or privilege secured to the individual by the U.S. Constitution or the laws of the U.S.


524
525          **CAUSE OF ACTION 13– AGAINST ALL DEFENDANTS**
526
527                 **GEORGIA CONSTITUTION OF 1983**
528                **(As Amended Through January 1, 2017)**
529
530                    **ARTICLE I. - BILL OF RIGHTS**
531                    **SECTION I. - RIGHTS OF PERSONS**
532
533               **Paragraph I. Life, liberty, and property.**

534          No person shall be deprived of life, liberty, or property except by due process of law.

535     **Paragraph II. Protection to person and property; equal protection.**

536          Protection to person and property is the paramount duty of government and shall be

537   impartial and complete. No person shall be denied the equal protection of the laws.

538

539                        **Paragraph VI. Libel**

540          In all civil or criminal actions for libel, the truth may be given in evidence; and, if it

541   shall appear to the trier of fact that the matter charged as libelous is true, the party shall be

542   discharged.

543               **Paragraph VII. Citizens, protection of**

544          All citizens of the United States, resident in this state, are hereby declared citizens of this

545   state; and it shall be the duty of the General Assembly to enact such laws as will protect them in

546   the full enjoyment of the rights, privileges, and immunities due to such citizenship.

547
548                        **Paragraph XII. Right to the courts.**

549              No person shall be deprived of the right to prosecute or defend, either in person or by

550      an attorney, that person's own cause in any of the courts of this state.

551                  **Paragraph XIII. Searches, seizures, and warrants.**

552              The right of the people to be secure in their persons, houses, papers, and effects against

553      unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon

554      probable cause supported by oath or affirmation particularly describing the place or places to be

555      searched and the persons or things to be seized.

556            **Paragraph XIV. Benefit of counsel; accusation; list of witnesses;**

557                              **compulsory process.**

558              Every person charged with an offense against the laws of this state shall have the privilege

559      and benefit of counsel; shall be furnished with a copy of the accusation or indictment and, on

560      demand, with a list of the witnesses on whose testimony such charge is founded; shall have

561      compulsory process to obtain the testimony of that person's own witnesses; and shall be confronted

562      with the witnesses testifying against such person.

563

564                  **CAUSE OF ACTION 9 – AGAINST ALL DEFENDANTS**
565
566                        **FULTON COUNTY CODE OF ETHICS**
567              **CONFLICT OF INTEREST: PROHIBITED TRANSACTIONS**
568
569      220.              Defendants, As a matter of fact, they knowingly violated their own Fulton

570      County Code of Ethics Sec. 2-66(a), (b), (c) and (h):

571          (a) It is essential to the proper government and administration of Fulton County
572                that members of the board of commissioners, as well as all other officers and
573                employees of the county, are in fact and in appearance, independent and
574                impartial in the performance of their official duties; that public service not be

used for private gain; and that there be public confidence in the integrity of the county. Because the attainment of one or more of these ends is impaired whenever there exists in fact, or appears to exist, a conflict between the private interests and public responsibilities of county officers and employees, the public interest requires that the county protect against such conflicts of interest by establishing appropriate ethical standards of conduct. It is also essential to the efficient operation of the county that those persons best qualified be encouraged to serve in positions of public trust. Accordingly, the standards hereinafter set forth must be so interpreted and understood as not to unreasonably frustrate or impede the desire or inclination to seek and serve in public office by those persons best qualified to serve. To that end, no officer or employee of the county, except as otherwise provided by law, should be denied the opportunity available to all other citizens to acquire and maintain private, economic, and other interests, except where a conflict of interest situation would necessarily result. The policy and purpose of this code of ethics, therefore, is to make clear those standards of ethical conduct that shall be applicable to the persons hereinabove named in the discharge of their official duties; to implement the objective of protecting the integrity of the county's government; and to prescribe only such essential restrictions against conflicts of interest as will not impose unnecessary barriers against public service.

(b) Officers and employees should aspire to avoid even the appearance of a conflict of interest by avoiding conduct or circumstances that would provide a reasonable basis for the impression that the officer's or employee's ability to protect the public interest or impartially perform an official act is compromised by his or her financial or personal interests in the matter or transaction. The appearance of a conflict of interest can exist even in the absence of an actual conflict of interest.

(c) Officers and employees should aspire to avoid even the appearance of impropriety by avoiding conduct or circumstances that would provide a reasonable basis for the impression that a person can improperly influence or unduly enjoy the officer's or employee's favor in the performance of his or her official acts or actions. The appearance of impropriety can exist even in the absence of actual impropriety…

(h) Intent to influence means to deliberately and willfully act in a manner chosen and designed to exert power over others, or to modify or affect the actions of others, even if in a gentle, subtle, or gradual fashion.

617                                    **PRAYER FOR RELIEF**

618
619     **REQUEST FOR RELIEF**
620
621     A. Plaintiff incorporates the preceding paragraphs by reference herein.
622
623     B. WHEREFORE, Plaintiff seeks the following relief:
624
625     C. Actual and compensatory damages sufficient to make him whole to be determined at
626     trial by Jury.
627
628     D. Punitive damages against Defendants sufficient to punish them and to deter further
629     wrongdoing.
630
631     F. Injunctive relief sufficient to protect Plaintiff and his family from the ongoing
632     harassment and intimidation of Defendants.
633
634     G. Plaintiffs assert the rights at any time to request to obtain an Attorney and ask for
635     Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest as provided by
636     law; and
637
638     H. Such other and further relief as the Court deems just and proper.
639

640     **CATHERINE SMITH, PRO SE**
641     3651 Peachtree Pkwy Ste E, #372 Suwanee, GA 30024
642     770-344-9027
643     DwightHLsmith@yahoo.com
644
645
646     **Signature**
647
648     **DWIGHT SMITH**
649     3651 Peachtree Pkwy Ste E, #372 Suwanee, GA 30024
650     770-344-9027
651     DwightHLsmith@yahoo.com
652
653     **BRYANT SMITH, PRO SE**
654     3651 Peachtree Pkwy Ste E, #372 Suwanee, GA 30024
655     DwightHLsmith@yahoo.com
656