**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CATHERINE SMITH *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action File Number: |
| *v.* | * | |
| | * | 1:22-CV-02471-SEG |
| FULTON COUNTY, GEORGIA, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| _____ | * | |

## DEFENDANTS KAYE, MANNING, AND OSBY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (Doc. 50) WITH PREJUDICE

Defendants Hon. Scott Kaye, Hon. Alexandra Manning, and Hon. Ashley Osby ("Defendants"), through their undersigned counsel, appearing specially and without submitting to the jurisdiction of the Court, move to dismiss Plaintiffs' latest complaint (doc. 50) with prejudice and showing the Court as follows:

Defendants had moved to dismiss Plaintiffs' Amended Complaint (doc. 3) on the basis that this Court did not have personal jurisdiction over them since they were never properly served under Fed. R. Civ. Pro. ("Rule") 4(e). (Doc. 14). Defendants had also argued that Plaintiffs' Amended Complaint was due to be dismissed for failing to state a claim upon which relief could be granted under Rule (12)(b)(6). *Id.* This Court agreed with Defendants that they were not properly

1

served and granted their motion to dismiss on that basis. (Doc. 49, p. 8). The Court did not reach the merits arguments Defendants had made under Rule 12(b)(6) because it did not have personal jurisdiction over Defendants *ab initio* and it would have been improper to do so. (Doc. 49, p. 8, n. 2).

The Court dismissed Plaintiffs' claims against Defendants without prejudice. (*Id.*, p. 17). The Court directed the Clerk to close this case. However, because Plaintiffs are *pro se*, the Court allowed them to amend their complaint especially since they expressed a desire to do so. (*Id.*, p. 18). The Court reasoned that "[a] court must … afford a plaintiff an opportunity to amend his *pro se* complaint before dismissing with prejudice unless the plaintiff expresses a desire not to amend or amendment would be futile." (*Id.*, citing and quoting *Watkins v. Hudson*, 560 Fed. Appx. 911 (11th Cir. 2014)). The Court gave Plaintiffs' until March 21, 2023 to file their amended complaint (*id.*) and Plaintiffs filed their amended complaint on that date. (Doc. 50). However, Plaintiff merely reasserted their laundry list of grievances against Defendants without showing that they have properly served Defendants. Accordingly, this Court still does not have personal jurisdiction over Defendants and Plaintiffs' latest Complaint is due to be dismissed under Rule (12)(b)(2) and this time with prejudice.

In its order, the Court laid out in detail how service could be perfected under Rule 4(e). (Doc. 49, p. 7). In their motion to dismiss, Defendants also detailed how service is properly perfected and pointed out how and where Plaintiffs fell short. (Doc. 14-1, pp. 6-8). Moreover, Plaintiffs admitted that they did not perfect service against Defendants. (Doc. 30, p. 17). However, instead of following the guidance of the Court and perfect service, Plaintiffs merely refiled their complaint. In other words, Plaintiffs have had opportunities to properly serve Defendants, were told how to do so, and have now filed their complaint without doing so. There is no evidence on the Court's docket that they have properly served Defendants, nor have they presented any evidence attached to their complaint showing that they have done so. Accordingly, their latest complaint should be dismissed with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (stating that "after that one opportunity to replead comes and goes . . . the district court [may] dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend" (citations omitted)).

## Conclusion

Plaintiffs still have not perfected service against Defendants pursuant to Rule 4(e). Accordingly, this Court does not have personal jurisdiction over Defendants and Plaintiffs' claims against Defendants are due to be dismissed under

Rule 12(b)(2). Since Plaintiffs were given ample opportunity to cure service

deficiencies, were told how to do so, and yet failed to do so, their complaint should

be dismissed with prejudice.

      Respectfully submitted this 31st day of March, 2023.

| | |
|---|---|
| CHRISTOPHER M. CARR | 112505 |
| Attorney General | |
| | |
| LORETTA L. PINKSTON-POPE | 580385 |
| Deputy Attorney General | |
| | |
| SUSAN E. TEASTER | 701415 |
| Senior Assistant Attorney General | |
| | |
| /s/*Rodney Atreopersaud* | 309454 |
| RODNEY ATREOPERSAUD | |
| Assistant Attorney General | |

**Attorneys for Defendants Kaye, Manning & Osby.**

*Please serve:*
RODNEY ATREOPERSAUD
Dept. of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
Telephone: (404) 458-3627
Facsimile: (404) 651-5304
Email: ratreopersaud@law.ga.gov

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman typeface.

This 31st day of March, 2023.

<div style="margin-left: 50%;">

s/ *Rodney Atreopersaud*
RODNEY H. ATREOPERSAUD
Georgia Bar No. 309454
Assistant Attorney General

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF COMPLAINT (Doc.**

**50)**, by depositing a copy thereof, postage prepaid, in the United States Mail,

properly addressed upon:

Catherine Smith                         Bryant Smith
3651 Peachtree Parkway        3651 Peachtree Parkway
Suite E, #372                            Suite E, #372
Suwanee, Georgia 30024       Suwanee, Georgia 30024

Dwight Smith
3651 Peachtree Parkway
Suite E, #372
Suwanee, Georgia 30024

This the 31st day of March, 2023.

s/*Rodney Atreopersaud*
Georgia Bar No. 309454
Assistant Attorney General